UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

NICHOLAS ROGERS,

v.                                  Case No. 8:19-cr-191-VMC-SPF
                                            8:25-cv-3194-VMC-SPF

UNITED STATES OF AMERICA.

_____/

## ORDER

Nicholas Rogers, proceeding pro se, filed an undated 28 U.S.C. § 2255 Motion to Vacate, Set Aside or Correct Sentence, which the Clerk docketed on November 24, 2025. (Civ. Doc. # 1; Crim. Doc. # 115). The United States of America responded and moved to dismiss the Section 2255 Motion for lack of jurisdiction on December 12, 2025. (Civ. Doc. # 3). Mr. Rogers did not reply. For the reasons that follow, the Motion to Dismiss is granted and the Section 2255 Motion is dismissed for lack of jurisdiction as successive.

## I.   Background

Pursuant to a plea agreement, Mr. Rogers pled guilty to two counts of robbery in violation of 18 U.S.C. § 1951(a) and two counts of brandishing a firearm during and in relation to a crime of violence, in violation of 18 U.S.C. § 924(c). (Crim. Doc. ## 47; 54; 55). In July 2020, this Court sentenced

1

Mr. Rogers to a total term of 246 months' imprisonment and 60 months' supervised release. (Crim. Doc. ## 77-78). Mr. Rogers appealed (Crim. Doc. # 84), and the Eleventh Circuit affirmed his conviction and sentence in April 2021. (Crim. Doc. ## 103-04).

Mr. Rogers filed his first Section 2255 motion in April 2022. (Crim. Doc. # 107). The Court denied that Section 2255 motion on the merits in August 2023. (Crim. Doc. # 108).

Mr. Rogers has now filed another Section 2255 Motion. (Civ. Doc. # 1; Crim. Doc. # 115). But Mr. Rogers did not first obtain leave from the Eleventh Circuit to file a second or successive motion. For this reason, the United States in its response moves to dismiss the Section 2255 Motion as an unauthorized second or successive motion. (Civ. Doc. # 3). Mr. Rogers did not reply.

## II.  **Discussion**

A prisoner who previously filed a Section 2255 motion must request and receive permission from the Court of Appeals before filing a second or successive one. See 28 U.S.C. § 2244(b)(3)(A); 28 U.S.C. § 2255(h) ("A second or successive motion must be certified as provided in section 2244 by a panel of the appropriate court of appeals to contain — (1) newly discovered evidence that, if proven and viewed in light

2

of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found the movant guilty of the offense; or (2) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable."). "Absent such authorization, a district court lacks jurisdiction to consider such a motion." Hamilton v. United States, No. 8:06-cr-464-EAK-TGW, 2018 WL 5624182, at *1 (M.D. Fla. July 3, 2018) (citing Farris v. United States, 333 F.3d 1211, 1216 (11th Cir. 2003)).

Mr. Rogers previously filed an unsuccessful Section 2255 motion (Crim. Doc. # 107), which was denied in August 2023. (Crim. Doc. # 108). Mr. Rogers has not obtained the Eleventh Circuit's permission to file a second or successive Section 2255 motion.

Additionally, Mr. Rogers has not demonstrated that his claims fall within the small subset of claims that are not categorized as successive, even though they are filed second in time. See Stewart v. United States, 646 F.3d 856, 863-65 (11th Cir. 2011) (explaining that the basis for the second-in-time Section 2255 motion — the vacatur of the predicate state convictions underlying the prisoner's career offender status in the federal case — did not exist at the time of the

prisoner's first Section 2255 motion, and thus the numerically second motion was not "second or successive" within the meaning of AEDPA); Boyd v. United States, 754 F.3d 1298, 1301-02 (11th Cir. 2014) (determining that a prisoner's previously dismissed Section 2255 motions did not render a later Section 2255 motion "successive" because the prisoner's claim did not exist before his initial Section 2255 proceeding concluded and the rulings on subsequent motions were not on the merits).

Thus, Mr. Rogers's new Section 2255 motion constitutes an improper, successive motion pursuant to 28 U.S.C. § 2255. Pursuant to Sections 2255(e) and (h), this Court must dismiss this motion. See Mitchell v. United States, 652 F. App'x 781, 783-84 (11th Cir. 2016) ("The district court did not err in dismissing Mitchell's motion to vacate as an unauthorized successive § 2255 motion because . . . not only did Mitchell's ineffective assistance claim exist when he filed his first § 2255 motion in 2010, but he asserted essentially the same ineffective assistance argument in his first § 2255 motion that he asserts in his current § 2255 motion.").

As the Court was able to readily determine that it lacks jurisdiction, no evidentiary hearing is required. See 28 U.S.C. § 2255(b) (stating that an evidentiary hearing is not

4

necessary if "the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief").

## III. **Certificate of Appealability and Leave to Appeal In Forma Pauperis Denied**

Because this Court lacks jurisdiction, it can neither grant nor deny a certificate of appealability. See Williams v. Chatman, 510 F.3d 1290, 1295 (11th Cir. 2007) ("Without such authorization, the district court lacked subject matter jurisdiction to consider the successive petition, and therefore could not issue a COA with respect to any of these claims."); Boone v. United States, No. CR 05-00265-WS-N-1, 2016 WL 6803131, at *3 (S.D. Ala. Oct. 14, 2016) ("[A] COA is unnecessary when, as here, the district court is dismissing a successive petition for lack of jurisdiction."), report and recommendation adopted, No. CR 05-00265-WS-N-1, 2016 WL 6780326 (S.D. Ala. Nov. 14, 2016). The Court will not authorize Mr. Rogers to proceed on appeal in forma pauperis because such an appeal would not be taken in good faith. See 28 U.S.C. § 1915(a)(3). Mr. Rogers shall be required to pay the full amount of the appellate filing fee pursuant to Section 1915(b)(1) and (2).

Accordingly, it is now

5

**ORDERED, ADJUDGED,** and **DECREED:**

(1)   The United States of America's Response and Motion to Dismiss for Lack of Jurisdiction (Civ. Doc. # 3) is **GRANTED.**

(2)   Nicholas Rogers's pro se 28 U.S.C. § 2255 Motion to Vacate, Set Aside or Correct Sentence (Civ. Doc. # 1; Crim. Doc. # 115) is **DISMISSED** for lack of jurisdiction as successive. Such dismissal is without prejudice to his filing a motion in the Eleventh Circuit for permission to file a successive Section 2255 motion to vacate.

(3)   The Clerk is directed to enter judgment accordingly and close this case.

**DONE** and **ORDERED** in Chambers in Tampa, Florida, this 20th day of April, 2026.

VIRGINIA M. HERNANDEZ COVINGTON
UNITED STATES DISTRICT JUDGE